**Michael S. MENZER, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 98–4186.

United States Court of Appeals, Seventh Circuit.

Submitted May 6, 1999*

Decided Jan. 6, 2000

---

* This successive appeal has been submitted to the same panel under Operating Procedure 6(b). After an examination of the parties' briefs and the record we have concluded that oral argument is unnecessary. Accordingly, the appellant's request for oral argument is denied and the appeal is submitted on the briefs and the record. *See* Fed.R.App. P. 34(a); Cir. R. 34(f).

Thomas M. Dawson (submitted), Leavenworth, KS, for Petitioner–Appellant.

Thomas P. Schneider (submitted), Office of the United States Attorney, Milwaukee, WI, for Respondent–Appellee.

Before BAUER, COFFEY and RIPPLE, Circuit Judges.

COFFEY, Circuit Judge.

On February 26, 1993, a jury in the Eastern District of Wisconsin convicted Michael S. Menzer ("Menzer") for the crime of arson resulting in death in violation of 18 U.S.C. § 844(i). Menzer was sentenced to a term of 40 years' imprisonment, five years supervised release, a $10,-000 fine, and a $50 special assessment. On Menzer's direct appeal of that conviction we affirmed, holding that: (1) Menzer's speedy trial rights were not violated, (2) prosecution under the federal arson statute was appropriate, (3) Menzer's *Miranda* rights were not violated, (4) evidence of the defendant's prior conviction for sexual exploitation was admissible to show motive, and (5) an upward departure from Sentencing Guidelines was appropriate. *See United States v. Menzer*, 29 F.3d 1223 (7th Cir.1994).

In August 1996, Menzer filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, arguing that his trial counsel failed to provide effective assistance of counsel. The trial court denied Menzer's motion, finding that his trial counsel was effective. Menzer appeals the district court's denial of his § 2255 motion. We affirm.

## I. BACKGROUND[1]

In the early 1980's, Michael Menzer purchased an old mill and granary in Waldo, Wisconsin, and opened the Onion River Mill and Art Gallery. In December 1983, Menzer married Grace Durfee. Afterwards, the family moved into the third floor, while Menzer operated his art gallery and souvenir shop on the first and second floors of the mill.

In 1988, Grace and Michael's marriage began deteriorating and Menzer filed for divorce in 1989. The Sheboygan County Circuit Court entered the final decree terminating the marriage on September 13, 1990. The defendant received the mill and art gallery in the settlement, while Grace obtained custody of the children. Grace and the children remained in their residence above the mill for three days after the divorce was finalized and the defendant resided in his mother's home. On September 15, 1990, Menzer and his former wife Grace had an argument in which she threatened to report Menzer for his recent sexual abuse of their children Jason, Kyle, and Tyrone. The following night, on September 16, 1990, while Grace and the children were sleeping a fire broke out in the Onion River Mill. Grace escaped with her youngest son Kyle, but the two older boys died of smoke inhalation.

The defendant was federally indicted and tried for arson resulting in death on January 28, 1992, but the trial judge declared a mistrial. On December 1, 1992, Menzer was re-indicted for the same crime and his second trial commenced on February 16, 1993. Defendant's counsel employed a private investigator, an arson expert, and a polygraph expert; and during the pretrial hearing, he convinced the judge to admit exculpatory polygraph evidence. The trial judge commented after trial that Menzer's counsel presented his case "well," while calling six witnesses, including Menzer. The jury convicted Menzer of arson resulting in death. With new counsel Menzer appealed his conviction to this court on five separate grounds, but did not raise ineffective assistance of trial counsel. We affirmed Menzer's conviction. *Menzer*, 29 F.3d at 1235.

In August 1996, Menzer filed a motion in the trial court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In his brief in support of this motion, Menzer argued that his trial coun-

---

1. For a recitation of the facts in this case, *see Menzer,* 29 F.3d at 1225–26. We set forth only those facts relevant to the disposition of this appeal.

sel failed to provide effective assistance of counsel and requested an evidentiary hearing on the issue. The trial judge denied Menzer's requested evidentiary hearing. In August 1998, the trial court denied Menzer's § 2255 motion, finding that defense counsel's performance was "highly effective." The district court also denied Menzer's motion for reconsideration, but granted him the requisite certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). Menzer appeals the district court's denial of his § 2255 motion. We affirm.

## II. ISSUES

Menzer sets forth three separate reasons why he believes the trial court erred in denying his § 2255 motion. He argues that: (1) he was denied his Sixth Amendment right to effective assistance of counsel because his trial attorney failed to present exculpatory evidence; (2) the trial court erred in denying his § 2255 motion without holding an evidentiary hearing; and (3) the arson statute under which he was convicted exceeds Congress' powers under the Commerce Clause.

## III. ANALYSIS

### A. Standard of Review

■ " 'In reviewing a district court's denial of a § 2255 motion, we consider all questions of law *de novo* and review all factual determinations for clear error.' " *Wilson v. United States*, 125 F.3d 1087, 1090 (7th Cir.1997) (quoting *Bond v. United States*, 77 F.3d 1009, 1012 (7th Cir. 1996)); *see also Stoia v. United States*, 22 F.3d 766, 768 (7th Cir.1994). " '[I]f two permissible views exist, the fact-finder's choice between them cannot be clearly erroneous.' " *United States v. Taylor*, 72 F.3d 533, 546 (7th Cir.1995) (quoting *United States v. McDonald*, 22 F.3d 139, 144 (7th Cir.1994)).

### B. Ineffective Assistance of Counsel

■ Menzer bears a heavy burden to establish an ineffective assistance of counsel claim, as counsel is presumed effective.

*See United States v. Trevino*, 60 F.3d 333, 338 (7th Cir.1995). In order to succeed on an ineffective assistance of counsel claim, the defendant must demonstrate both that his counsel's performance fell below an objective standard of reasonableness and that this deficiency prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 688–92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ To demonstrate that counsel's performance is deficient, the defendant must establish the specific acts or omissions of his counsel which he alleges constitute ineffective assistance. *See Trevino*, 60 F.3d at 338 (citing *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052). We then determine whether, under all the circumstances of this case, these alleged acts or omissions were made outside the wide range of professionally competent assistance. *Id.*

Menzer points to five specific errors committed by his trial counsel that allegedly rose to the level of ineffective assistance: 1) failing to call Paul Tiernan as a witness to testify that he heard Kevin Oakley confess to the crime; 2) failing to call Douglas Reed as a witness to testify that he saw someone other than Menzer fleeing the scene of the crime; 3) failing to cross-examine Government witness firefighter Ronald Jentsch to reveal that it was not Menzer who disclosed knowledge of the origin of the fire; 4) failing to invoke the law of the case doctrine in order to preclude the trial judge from revisiting inadmissibility rulings; and 5) failing to conduct a proper investigation regarding the four alleged deficiencies described above.

#### 1. Failing to Call Paul Tiernan to Testify

■ Menzer argues that his lawyer was ineffective for not calling Paul Tiernan as a witness to testify that he heard Kevin Oakley confess to the arson with which Menzer was charged. Menzer's counsel explained that he did not call Tiernan because his testimony regarding Oakley's confession would be inadmissible hearsay. We are of

**1004**

the opinion that not calling Tiernan to testify was clearly a matter of trial strategy. *See United States v. Balzano*, 916 F.2d 1273, 1294 (7th Cir.1990) ("The Constitution does not oblige counsel to present each and every witness that is suggested to him.").

### 2. Failing to Call Douglas Reed to Testify

 Menzer also argues that his lawyer was ineffective for not calling Douglas Reed as a witness to testify that he saw an individual, whose description does not match Menzer's, fleeing the scene of the crime. Defendant's counsel explained that he did not call Reed because although the description of the fleeing individual as a man of about sixty with puffy white hair did not match Menzer, it still implicated him because it matched the description both of a mask that Menzer is known to have worn[2] and that of Menzer's stepfather. Trial counsel's decision not to call Reed as a witness was a reasonable strategic decision. *See Balzano*, 916 F.2d at 1294–95.

### 3. Failing to Cross-examine Ronald Jentsch

 Menzer also argues that his lawyer was ineffective for failing to cross-examine firefighter Ronald Jentsch. Jentsch testified for the government that early on the morning of the fire, Menzer had approached him and during a conversation told him the origin of the fire. Because the fire department had not yet ascertained the cause of the fire, it suspected Menzer might be the arsonist. Jentsch's description of Menzer as a white-haired man wearing a suit jacket, however, was inaccurate. Menzer, at the time of the alleged conversation, had brown hair and was wearing a ski jacket. Menzer contends that his lawyer should have cross-examined Jentsch in order to establish that the person who reported the origin of the fire was someone other than Menzer. Defendant's counsel stated that he did not cross-examine Jentsch regarding his inconsistent physical descriptions because the government had evidence other than Jentsch's testimony that established it was indeed Menzer who disclosed the origin of the fire to Jentsch. Menzer's counsel concluded there would be little point in cross-examining Jentsch, and instead argued that the origin of the fire, which was on the west side of the Mill, was obvious given that it was burned more extensively. This was reasonable trial strategy. *See United States v. Brooks*, 125 F.3d 484, 496 (7th Cir.1997).

### 4. Failing to Raise the Law of the Case Doctrine

 Menzer also argues that his counsel was ineffective for failing to raise the law of the case doctrine to preclude the trial judge from revisiting his decision[3] to exclude evidence of Menzer's 1986 conviction for sexual exploitation and the fact that he was on probation for that conviction when the arson occurred.

 Menzer's argument is misplaced. The law of the case doctrine does not bar a trial court from revisiting its own evidentiary rulings. We recently explained in *Monfils v. Taylor*:

The law of the case doctrine is a flexible rule, which "merely expresses the practice of courts generally to refuse to reopen what has been decided . . . ."; it is "not a limit on their power." *Messinger v. Anderson*, 225 U.S. 436, 444, 32 S.Ct.

---

**2.** With Mr. Reed's assistance, a composite sketch of the man seen by Reed was disseminated in the media. Sheboygan resident Peter Kovacs contacted the sheriff's department to tell them that the composite sketch looked like a mask that Menzer owned.

**3.** In Menzer's first trial Judge Curran excluded evidence of Menzer's 1986 conviction for sexual exploitation. When this evidence was presented, Judge Curran declared a mistrial. When Menzer was later retried, the case was assigned to Judge Evans who presided over Menzer's second trial and admitted evidence of his prior conviction for the purpose of showing motive. *Menzer*, 29 F.3d at 1234.

739, 56 L.Ed. 1152 (1912). It is, however, a "rule of practice, based on sound policy." *Creek v. Village of Westhaven*, 144 F.3d 441 (7th Cir.1998). Once an issue is litigated and decided, "that should be the end of the matter." *Gertz v. Robert Welch, Inc.*, 680 F.2d 527 (7th Cir.1982). We have recently . . . determined . . . that the "presumption that a ruling made at one stage of the proceedings will be adhered to throughout the suit" was one "whose strength varies with the circumstances; it is not a straight jacket." *Alston v. King*, 157 F.3d 1113, 1116 (7th Cir.1998) quoting *Avitia v. Metropolitan Club of Chicago, Inc.*, 49 F.3d 1219 (7th Cir.1995) . . . . [T]he most compelling application of the doctrine occurs when a court of appeals has decided an issue.

165 F.3d 511, 520 (7th Cir.1998). Because the Government did not appeal the evidentiary ruling excluding Menzer's prior conviction, the trial judge was free to revisit this ruling in Menzer's second trial. *See Rothner v. City of Chicago*, 929 F.2d 297, 301 (7th Cir.1991).

■■■ Moreover, this argument is based on evidence that Menzer possessed at the time of his direct appeal. He could have, but did not, raise this issue on direct appeal, and consequently cannot raise this issue for the first time on appeal of the district court's denial of his § 2255 motion. *See, e.g., Barker v. United States*, 7 F.3d 629, 632 (7th Cir.1993) ("The failure to raise an issue on direct appeal generally bars a defendant from raising it later in a post-conviction proceeding [unless] the defendant can demonstrate cause for the procedural default as well as actual prejudice from the failure to appeal."); *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir.1994) ("[A]n argument that was not presented on direct appeal cannot first be advanced on collateral review 'absent a showing of cause' for the failure to advance the argument sooner 'and some showing of actual prejudice resulting from the alleged constitutional violation.' ") (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)).

### 5. Failing to Properly Investigate the Deficiencies Described Above

Finally, Menzer argues that his counsel was ineffective for failing to conduct a proper investigation regarding the four deficiencies described above. However, because we have not found fault with counsel regarding these alleged deficiencies, we disagree with Menzer's contention that his counsel was deficient for deciding not to investigate them. *See, e.g., United States v. Zarnes*, 33 F.3d 1454, 1473–74 (7th Cir. 1994); *United States v. Jackson*, 935 F.2d 832, 845 (7th Cir.1991).

### C. 18 U.S.C. § 844(i): Federal Jurisdiction over Arson

■■■ Menzer's next argument is that the district court lacked subject matter jurisdiction over his case because the arson statute under which he was convicted exceeds Congress' power under the Commerce Clause. Defendant presented this argument unsuccessfully on his direct appeal, where we upheld the constitutionality of the federal arson statute. *Menzer*, 29 F.3d at 1229–30. In this successive appeal Menzer offers no compelling reason to revisit this issue. Indeed, it is interesting to note that defendant observes that this circuit has previously held that the federal arson statute at issue does not exceed congressional power under the Commerce Clause. *See United States v. Hicks*, 106 F.3d 187, 189–90 (7th Cir.), *cert. denied*, 520 U.S. 1258, 117 S.Ct. 2425, 138 L.Ed.2d 188 (1997). Accordingly, we refuse to overrule Menzer's conviction under § 844(i) and hold that Congress had the power to enact that statute under the Commerce Clause.

### D. The District Court's Summary Dismissal of Defendant's § 2255 Motion without an Evidentiary Hearing

■■■ Menzer's final argument is that the district court erroneously refused to conduct an evidentiary hearing with respect to his ineffective assistance claims.

This argument fails because where "a record conclusively demonstrates that a defendant is entitled to no relief on his § 2255 motion to vacate, a full evidentiary hearing is not required." *Politte v. United States*, 852 F.2d 924, 931 (7th Cir.1988) (citation omitted). Indeed, "a judge should dismiss the petition without a hearing where ... it 'plainly appears from the facts of the motion and any annexed exhibits and the prior proceedings in the case the movant is not entitled to relief.'" *Aleman v. United States*, 878 F.2d 1009, 1012 (7th Cir.1989) (quoting Rule 4(b) of the Rules Governing § 2255 Proceedings). "[T]o allow indiscriminate hearings in federal post-conviction proceedings would eliminate the chief virtues of the justice system—speed, economy, and finality." *United States v. Delgado*, 936 F.2d 303, 309 (7th Cir.1991) (citation omitted).

We hold that Menzer's ineffective assistance claim is without merit, and he is not entitled to have his sentence vacated, set aside, or corrected under § 2255. Furthermore, the district court did not err in denying Menzer's motion for an evidentiary hearing.

AFFIRMED