Rhonda S. WILLIAMSON,
Petitioner–Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 01–4217.

United States Court of Appeals,
Seventh Circuit.

Submitted April 26, 2002 *.

Decided April 26, 2002.

Before COFFEY, MANION, and WILLIAMS, Circuit Judges.

ORDER

In March 2000 Rhonda Williamson pleaded guilty pursuant to a plea agreement to one count of wire fraud, in violation of 18 U.S.C. § 1343. The district court sentenced Williamson to 21 months' imprisonment and ordered her to pay approximately $1,000,000 in restitution. In July 2001 Williamson filed a motion under 28 U.S.C. § 2255 arguing that her conviction and sentence were improper because she had received ineffective assistance of counsel both before and after her guilty plea. The district court denied Williamson's motion, and she appeals. We affirm.

Williamson was the manager and a minority shareholder of D & D Farm & Lawn, a dealer of John Deere agricultural equipment. The majority shareholder and

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

financier of D & D was Williamson's father. During the course of D & D's operation the company suffered cash-flow problems, due in part to insufficient operating capital. As a result, D & D had difficulty paying John Deere for equipment it sold. According to Williamson's plea agreement, between 1992 and 1996 she devised a scheme to defraud John Deere and John Deere Credit Services, Inc. by using various of Deere's financing plans to obtain operating capital for D & D and to reduce D & D's indebtedness to Deere. In furtherance of this scheme, Williamson, among other things, prepared false purchase orders, retail installment contracts, and loan contracts, and obtained credit from Deere Credit on these false instruments by submitting them to Deere Credit via computer entries. Williamson admitted that her fraudulent activity caused a loss to Deere of approximately $1,000,000.

In June 1999 Williamson was indicted on three counts of wire fraud. Her father hired an attorney to represent her, and paid the attorney's fees. In May 2000, Williamson pleaded guilty to count one of the indictment pursuant to a written plea agreement. At her change-of-plea hearing, Williamson raised no objection to her counsel's performance, telling the court that she was "very much" satisfied with his performance. Despite an express waiver contained in her plea agreement of her right to appeal her sentence or to challenge it through a collateral proceeding, Williamson filed a motion under 28 U.S.C. § 2255 asserting that her counsel had provided ineffective assistance. In her motion Williamson argued, among other things, that her counsel had a conflict of interest in representing her because he was being paid by her father, who she alleges mentally abused her and coerced her into engaging in the fraudulent conduct for which she pleaded guilty. She alleged that because of this conflict, counsel provided ineffective

assistance during plea negotiations and that she did not enter the agreement knowingly or voluntarily. The district court denied the motion without an evidentiary hearing, but granted Williamson a certificate of appealability limited to the issue of whether counsel's alleged conflict compromised his performance on Williamson's behalf.

█ Before turning to Williamson's substantive claim, we must determine whether she relinquished her right to challenge counsel's performance. In the plea agreement, Williamson agreed to

> expressly waive my right to appeal my sentence on any ground, including any appeal right conferred by Title 18, United States Code, Section 3742. I also agree not to contest my sentence or the manner in which it was determined in any post-conviction proceeding, including, but not limited to, a proceeding under Title 28, United States Code, Section 2255.

But this waiver clause covers only appeals or collateral attacks on Williamson's *sentence*, not her *conviction*, and it therefore does not bar her challenge to the effectiveness of counsel's assistance during plea negotiations. *See Bridgeman v. United States,* 229 F.3d 589, 591–92 (7th Cir.2000); *see also Mason v. United States,* 211 F.3d 1065, 1069 (7th Cir.2000) (" '[A] claim of ineffective assistance of counsel in connection with the negotiation of a [plea] agreement cannot be barred by the agreement itself—the very product of the alleged ineffectiveness.' ")(quoting *Jones v. United States,* 167 F.3d 1142, 1145 (7th Cir.1999)). We therefore proceed to the merits of her argument.

Williamson argues that because her father, allegedly a central figure in the events surrounding her criminal conduct, paid her attorney's fees, the attorney was

operating under a conflict of interest and provided her with ineffective assistance during her plea negotiations. Specifically, Williamson argues that her attorney's efforts on her behalf were compromised by the fee arrangement with her father. She asserts that her attorney failed to adequately investigate possible defenses of good faith and duress and advised her to plead guilty because such defenses would have implicated her father in the wrongful conduct. The district court found that Williamson failed to provide evidence or specific allegations regarding how her attorney's performance was affected by the alleged conflict of interest and denied her petition. We review the district court's determination that Williamson received effective assistance of counsel *de novo. Cabello v. United States*, 188 F.3d 871, 875 (7th Cir.1999).

■ A criminal defendant is entitled to counsel whose undivided loyalties lie with his client; accordingly, a defendant may base an ineffective assistance of counsel claim on her attorney's conflict of interest. *Stoia v. United States*, 22 F.3d 766, 770 (7th Cir.1994). A defendant arguing that she received ineffective assistance of counsel based on a conflict of interest may proceed either under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), by demonstrating that her attorney had a potential conflict of interest and that the potential conflict prejudiced her defense, or under *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), by showing that "an actual conflict of interest adversely affected [her] lawyer's performance." *Stoia*, 22 F.3d at 770 (quoting *Cuyler*, 446 U.S. at 348, 100 S.Ct. 1708). Williamson has provided no evidence to support her argument that her attorney had an actual conflict of interest. Rather she simply asserts that counsel allowed her father to direct her defense because he was paying the bill.

This is insufficient to establish an actual conflict of interest. *Cabello*, 188 F.3d at 876. Even if it were sufficient, *see Lipson v. United States*, 233 F.3d 942, 946 (7th Cir.2000), she cannot show that the alleged conflict adversely affected counsel's performance.

Williamson focuses her attack on counsel's performance on his alleged failure to investigate either a defense of good faith or duress. But Williamson's § 2255 motion and supporting materials show that these defenses were not available to her. In order to prove a defense of duress, a defendant must establish that she acted under "an immediate threat of death or serious bodily injury." *United States v. Fiore*, 178 F.3d 917, 922 (7th Cir.1999). Although Williamson provided affidavits stating that her father mentally abused her, she presented no evidence that he in any way threatened her with death or bodily harm. Additionally, while good faith is a defense to wire fraud charges, *see United States v. Mueller*, 786 F.2d 293, 297 (7th Cir.1986), a defendant must prove that she acted out of a "genuine belief that the information which was sent or given [via wire] was true" to invoke the defense. *See South Atlantic Ltd. Partnership of Tenn. L.P. v. Riese*, 284 F.3d 518 (4th Cir. March 22, 2002). Williamson could not make such a showing here; she admitted that she prepared "bogus Purchase Orders and bogus Retail Installment Contracts and Loan Contracts" in order to "obtain money and property belonging to the Deere companies by false and fraudulent pretenses and representations." Because Williamson could not raise either a duress or good faith defense, counsel's failure to advance the defenses was not deficient performance. Accordingly, Williamson cannot make out a claim under *Cuyler*.

Likewise, Williamson has not established a claim under *Strickland*. In addition to not showing deficient performance, she

cannot show prejudice. Specifically, Williamson does not allege that she would not have pleaded guilty had counsel investigated the possible defenses. To the contrary, Williamson states in her motion that counsel's alleged failures "would have in no way affected the defendant's guilty plea, as she accepted responsibility for her crime." Because Williamson failed to show that counsel's potential conflict of interest prejudiced her case, she failed to show that counsel provided ineffective assistance and that her guilty plea was therefore involuntary or unknowing, and the district court correctly denied her § 2255 motion.

Williamson also argues that the district court erred by deciding her § 2255 motion without an evidentiary hearing. Because the record conclusively demonstrates that she is not entitled to relief, however, the district court properly decided the motion without a hearing. *Menzer v. United States,* 200 F.3d 1000, 1005–06 (7th Cir. 2000).

Williamson last argues that the district court erred by failing to consider the challenge she raised in her § 2255 motion to the court's restitution order. Because she was not granted a certificate of appealability on this issue, we consider the argument in her brief to be an implicit request to amend the certificate. *Rittenhouse v. Battles,* 263 F.3d 689, 693 (7th Cir.2001). Here, the restitution order was part of Williamson's sentence, and she waived in the plea agreement her right to challenge her sentence in a § 2255 motion. Williamson has therefore failed to make a substantial showing of the denial of a constitutional right, and we decline to expand the certificate of appealability to encompass this issue. *Id.;* 28 U.S.C. § 2253(c)(2).

AFFIRMED