NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted March 20, 2008[1]
Decided April 18, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 07-2130

| | |
|---|---|
| ROBERT SCOTT, | Appeal from the United States District |
| *Petitioner-Appellant,* | Court for the Central District of Illinois. |
| *v.* | No. 03 C 3265 |
| UNITED STATES OF AMERICA, | Jeanne E. Scott, |
| *Respondent-Appellee.* | *Judge.* |

**O R D E R**

Robert Scott was convicted by a jury of conspiracy to possess with intent to distribute marijuana and cocaine; he was sentenced to 326 months imprisonment.  On

---

[1]  After examining the briefs and the record, we have concluded that oral argument is unnecessary.  Thus the appeal is submitted on the briefs and the record.  See Fed. R. App. P. 34(a)(2).

direct appeal, Scott--through new counsel--raised, among other things, an ineffective assistance of counsel claim. At oral argument, we cautioned Scott's attorney that an ineffective assistance claim was almost impossible to sustain on a direct appeal and that, if it failed, Scott could not again raise the claim in a later collateral attack. Scott's counsel responded that his client was aware of the risks but wanted to proceed with the claim. We subsequently rejected Scott's appeal, finding nothing in the record to rebut the presumption that his trial counsel's performance was reasonable. United States v. Scott, 284 F.3d 758, 761 (7th Cir. 2002).

Scott now brings a collateral attack under 28 U.S.C. § 2255, arguing that his appellate counsel was ineffective for raising on direct appeal Scott's claim that his former counsel was ineffective at trial. After conducting an evidentiary hearing, the district court found that Scott's appellate counsel properly informed Scott of the risks of raising an ineffective assistance claim on direct appeal, but Scott nevertheless instructed his counsel to proceed. The court accordingly dismissed Scott's petition, finding no case law to support the proposition that an appellate counsel must refuse to follow his client's informed instructions. Scott v. United States, No. 03-CV-3265, 2007 WL 853967, at *4 (C.D. Ill. Mar. 16, 2007).

We agree that Scott's ineffective assistance of counsel claim cannot succeed. As the district court correctly noted, a lawyer may be entitled to disregard a client's direction to present an issue on appeal but is not constitutionally required to do so. See Wallace v. Davis, 362 F.3d 914, 920 (7th Cir. 2004). Scott's argument here--that his appellate counsel did not fully inform him of the consequences of his decision--simply restates his testimony at the evidentiary hearing, which the district court found not credible. This factual determination was not clearly erroneous. See Menzer v. United States, 200 F.3d 1000, 1003 (7th Cir. 2002).

Finally, Scott's appellate counsel was not ineffective in failing to raise a Confrontation Clause violation argument, where we affirmed, on direct appeal, the district court's finding that Scott wrongfully caused the unavailability of a government witness.

Accordingly, the judgment of the district court is AFFIRMED.