**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 22, 2009[*]
Decided December 22, 2009

**Before**

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 09-2096

| | |
|---|---|
| DAVID FRANKLIN, *Petitioner-Appellant*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 08-cv-678-bbc |
| UNITED STATES OF AMERICA, *Respondent-Appellee*. | Barbara B. Crabb, *Chief Judge*. |

**O R D E R**

David Franklin pleaded guilty to possessing cocaine base with intent to distribute. See 21 U.S.C. § 841(a)(1). The district court sentenced him to 295 months' imprisonment, and we affirmed the judgment on direct appeal. *United States v. Franklin*, 257 F. App'x 997 (7th Cir. 2007). Franklin then filed this action under 28 U.S.C. § 2255, claiming, as relevant here, that he was denied effective assistance of counsel. According to Franklin, counsel coerced him into pleading guilty by boasting that his "contacts within the legal system" would ensure a light sentence. And, Franklin alleged, counsel submitted a "canned" brief

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2).

on direct appeal that was "plagiarized from the internet." The district court denied relief but issued a certificate of appealability.

Franklin asserts on appeal that he would have insisted on proceeding to trial had counsel not deceived him into accepting a plea agreement. But during the plea colloquy, Franklin swore to the district court that, aside from the terms embodied in the plea agreement, he had been promised nothing to cajole his admission of guilt. If counsel's supposed pledge to deliver a light sentence had been the "decisive factor" in Franklin's decision to plead guilty, then the plea colloquy "would have been the opportune time to raise the issue." See *Wyatt v. United States*, 574 F.3d 455, 459 n.2 (7th Cir. 2009). Instead Franklin said nothing about other promises, and the district court credited his sworn statement in open court that there were no other promises. So "the game is over." See *United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999).

Franklin also asserts that his direct appeal was prejudiced by counsel's submission of a "canned" appellate brief "plagiarized from the internet." But this allegation alone, even if proven, does not establish that counsel's performance was constitutionally defective. Franklin's § 2255 motion does not identify any issue that counsel failed to raise on appeal or any argument that was raised but poorly briefed. See *Suggs v. United States*, 513 F.3d 675, 678 (7th Cir. 2008).

The allegations Franklin presented to the district court do not entitle him to relief, so the district court was not required to conduct an evidentiary hearing. See *Menzer v. United States*, 200 F.3d 1000, 1005–06 (7th Cir. 2000).

AFFIRMED.