ORDER
David Franklin pleaded guilty to possessing cocaine base with intent to distribute. See 21 U.S.C. § 841(a)(1). The district court sentenced him to 295 months’ imprisonment, and we affirmed the judgment on direct appeal. United States v. Franklin, 257 Fed.Appx. 997 (7th Cir. *725 2007). Franklin then filed this action under 28 U.S.C. § 2255, claiming, as relevant here, that he was denied effective assistance of counsel. According to Franklin, counsel coerced him into pleading guilty by boasting that his “contacts within the legal system” would ensure a light sentence. And, Franklin alleged, counsel submitted a “canned” brief on direct appeal that was “plagiarized from the internet.” The district court denied relief but issued a certificate of appealability.
Franklin asserts on appeal that he would have insisted on proceeding to trial had counsel not deceived him into accepting a plea agreement. But during the plea colloquy, Franklin swore to the district court that, aside from the terms embodied in the plea agreement, he had been promised nothing to cajole his admission of guilt. If counsel’s supposed pledge to deliver a light sentence had been the “decisive factor” in Franklin’s decision to plead guilty, then the plea colloquy “would have been the opportune time to raise the issue.” See Wyatt v. United States, 574 F.3d 455, 459 n. 2 (7th Cir.2009). Instead Franklin said nothing about other promises, and the district court credited his sworn statement in open court that there were no other promises. So “the game is over.” See United States v. Stewart, 198 F.3d 984, 987 (7th Cir.1999).
Franklin also asserts that his direct appeal was prejudiced by counsel’s submission of a “canned” appellate brief “plagiarized from the internet.” But this allegation alone, even if proven, does not establish that counsel’s performance was constitutionally defective. Franklin’s § 2255 motion does not identify any issue that counsel failed to raise on appeal or any argument that was raised but poorly briefed. See Suggs v. United States, 513 F.3d 675, 678 (7th Cir.2008).
The allegations Franklin presented to the district court do not entitle him to relief, so the district court was not required to conduct an evidentiary hearing. See Menzer v. United States, 200 F.3d 1000, 1005-06 (7th Cir.2000).
Affirmed.