**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Charles D. WEBB, Defendant–Appellant.**

**No. 95–3236.**

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 23, 1996.

Decided May 15, 1996.

Rehearing Denied June 12, 1996.

Mark D. Stuaan, argued, Office of the U.S. Atty., Indianapolis, IN, for Plaintiff–Appellee.

Mitchele J. Harlan, argued, Harris, Harris & Harlan, Jeffersonville, IN, for Defendant–Appellant.

Before RIPPLE, MANION and ROVNER, Circuit Judges.

RIPPLE, Circuit Judge.

Defendant Charles Webb appeals his conviction under 18 U.S.C. § 922(g) for possession of a firearm by a convicted felon. Mr. Webb pleaded guilty to the single count after the district court conducted an evidentiary hearing and denied his motion to suppress evidence found during a search of his car at the time of his arrest. Mr. Webb expressly reserved his right to appeal the district court's denial of his motion to suppress and now appeals the district court's order.

## I

Officer Robert Cline of the Indiana Excise Police was conducting surveillance of a liquor store in Bedford, Indiana, when he noticed a disturbance at the tavern next door. At the same time, he heard a dispatch on his police scanner about a fight in progress at the tavern. As he approached the tavern slowly in his vehicle, Officer Cline observed the defendant, Mr. Webb, holding a shotgun at his shoulder and aiming it at another individual. When Officer Cline was about seventeen yards away from the scene, he turned on the emergency lights on his police car and got out of his car with his service revolver drawn. He then ordered Mr. Webb to get on the ground. Instead of responding immediately to Officer Cline's command, Mr. Webb went to his parked car, threw the shotgun he was holding in the open trunk, and then slammed the trunk lid closed. The keys were left in the trunk lock.

Mr. Webb and the other individual[1] then complied with Officer Cline's orders to get on the ground, and Officer Cline waited for Bedford Police officers to respond to the scene. While the Bedford Police officers secured the defendant, Officer Cline went to the trunk of the car into which Mr. Webb had thrown the gun. Using the keys still in the trunk lock, Officer Cline opened the trunk, retrieved the gun, activated the weapon's safety, and removed its ammunition. Officer Cline then called to have the car towed and did an inventory search of the car. In addition to the federal charge of possession of a weapon by a felon, Mr. Webb was ultimately charged under Indiana state law with public intoxication, disorderly conduct, and criminal recklessness with a deadly weapon. Mr. Webb pleaded guilty to the federal charge after the district court denied his motion to suppress the shotgun. He expressly reserved his right to appeal the district court's order denying his motion to suppress and was sentenced to thirty-three months of incarceration and three years of supervised release. Mr. Webb now appeals the district court's denial of his motion to suppress on two grounds: first, that the search was not justi-

---

1. The man at whom Mr. Webb pointed the gun was later identified as Jim Harrison. The record does not indicate any further investigation of him with regard to this incident.

fied by any of the exceptions to the warrant requirement raised by the government; and second, that the district court's handling of the suppression hearing indicated clear prejudice against Mr. Webb.

## II

A district court's denial of a motion to suppress is reviewed under the clearly erroneous standard. *United States v. McGuire,* 957 F.2d 310, 314 (7th Cir.1992). We give particular deference to the district court's findings of fact because of its opportunity to observe witnesses and hear testimony on the issue. *United States v. Saadeh,* 61 F.3d 510, 516 (7th Cir.), *cert. denied,* — U.S. ——, 116 S.Ct. 521, 133 L.Ed.2d 428 (1995). We shall not disturb the credibility determinations of the district court at a suppression hearing. *McGuire,* 957 F.2d at 314. We shall reverse only if we are left with the definite and firm conviction that a mistake has been made. *Saadeh,* 61 F.3d at 516.

Mr. Webb first challenges the district court's determination that the warrantless search, which resulted in Officer Cline's recovery of the shotgun, was justified under either the automobile exception or the exigent circumstances doctrine. We agree that the denial of the defendant's motion to suppress could be supported by either of these two exceptions to the warrant requirement.

### A.

First, the automobile exception to the warrant requirement permits the search of a vehicle without a warrant if there is probable cause to believe that the car contains contraband or evidence. *See Carroll v. United States,* 267 U.S. 132, 153–56, 45 S.Ct. 280, 285–86, 69 L.Ed. 543 (1925); *United States v. Young,* 38 F.3d 338, 340 (7th Cir. 1994). A lawful automobile search extends to all parts of the vehicle where contraband or evidence could be concealed, including the trunk. *Id.* Probable cause will exist if, under the totality of the circumstances, it is fairly probable that the car contains contraband or evidence. *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983); *McGuire,* 957 F.2d at 314.

In this case, Officer Cline had probable cause to believe that a crime had been committed. Officer Cline personally had witnessed the defendant with a weapon aimed at another individual. In fact, in addition to the federal weapons charge, the defendant was charged with public intoxication, disorderly conduct, and criminal recklessness with a deadly weapon. Thus, the firearm that Officer Cline saw the defendant toss into the trunk would be evidence of the crimes with which Mr. Webb was charged. Officer Cline therefore had probable cause to believe that the defendant's car contained contraband or evidence. The Carroll exception clearly allowed Officer Cline to retrieve the weapon from the trunk of the defendant's car.

### B.

Officer Cline also could have retrieved the gun from the trunk under the exigent circumstances exception to the warrant requirement. Warrantless searches will be allowed when exigent circumstances exist which require immediate action by the police and the police do not have time to secure a warrant. *Michigan v. Tyler,* 436 U.S. 499, 509, 98 S.Ct. 1942, 1949–50, 56 L.Ed.2d 486 (1978); *Saadeh,* 61 F.3d at 516. We evaluate a claim of exigent circumstances from the perspective of the police officer at the scene to determine whether the police had a reasonable belief that there was a compelling need to act quickly and that there was no time to obtain a warrant. *Id.* Exigent circumstances exist when there is a reasonable belief by police that their safety, or the safety of the public, may be threatened. *United States v. Hardy,* 52 F.3d 147, 149 (7th Cir.), *cert. denied,* — U.S. ——, 116 S.Ct. 207, 133 L.Ed.2d 140 (1995); *see also United States v. Ware,* 914 F.2d 997, 1001 (7th Cir.1990) (holding that retrieval from a car of a gun believed to have been used in a recent robbery was justified as exigent circumstances); *United States v. White,* 607 F.2d 203, 208 (7th Cir.1979) (averting possible danger to police and the public justified a search for missing gun in automobile), *cert. denied,* 449 U.S. 1114, 101 S.Ct. 926, 66 L.Ed.2d 843 (1981).

Exigent circumstances exist in this case. Officer Cline was justified in retrieving the gun from the trunk into which it had been thrown by the defendant. Officer Cline saw the defendant aim the weapon at another individual, "toss" the gun into the trunk, and slam the lid. Because the keys were still in the trunk's lock, it was reasonable for Officer Cline to believe that the gun posed a safety risk to the public. Left unattended, the gun easily could have been retrieved by anyone passing the car. Furthermore, Officer Cline testified that he feared that the firearm might go off accidentally because the safety mechanism might not have been activated. Because the gun was easily accessible and was in an unknown condition, Officer Cline was justified in opening the trunk to retrieve the weapon.

## III

The defendant also argues that the district court's handling of the suppression hearing was prejudicial and interfered with his right to a fair trial. We cannot agree with the government's submission that the defendant waived his right to appeal any issues regarding the manner in which the suppression hearing was conducted by the district court. In his plea agreement, the defendant expressly preserved his right to appeal the outcome of the suppression hearing. This reservation necessarily included the right to litigate any allegedly prejudicial conduct by the district court at that hearing.

Although Mr. Webb did not waive his right to contest the conduct of the district court, we conclude that the district court's handling of the motion to suppress was not an abuse of discretion. A judge is not prohibited from asking various questions of a witness in order to clarify an important issue in the case. *United States ex rel. Bradley v. Lane*, 834 F.2d 645, 649 (7th Cir.1987), *cert. denied*, 486 U.S. 1012, 108 S.Ct. 1746, 100 L.Ed.2d 209 (1988). A judge may question witnesses as long as he remains impartial. *United States v. Kidding*, 560 F.2d 1303, 1314 (7th Cir.), *cert. denied*, 434 U.S. 872, 98 S.Ct. 217, 54 L.Ed.2d 151 (1977). Most of the comments about which the defendant complains were intended to speed the suppression hearing along. Furthermore, in non-jury proceedings, questioning by the judge will rarely be prejudicial to the defendant. *Id.* The district court did not abuse its discretion with its conduct during the suppression hearing.

## Conclusion

The record adequately supports the district court's denial of the defendant's motion to suppress. The evidence obtained in the search of the defendant's car would be admissible under at least two exceptions to the warrant requirement. Furthermore, the allegedly prejudicial conduct of the trial court did not rise to the level of reversible error. Accordingly, the judgment of the district court is affirmed.

AFFIRMED.