UNITED STATES of America, Plaintiff—Appellee,

v.

Christopher CASTILLO, Defendant—Appellant.

No. 01–50370.

D.C. No. CR 00–518–ABC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 11, 2002.

Decided Sept. 30, 2002.

Before WARDLAW and BERZON, Circuit Judges, and ISHII,* District Judge.

MEMORANDUM **

Christopher Castillo appeals his jury conviction for possession of two firearms by a felon in violation of 18 U.S.C. § 922(g)(1). Castillo contends that the District Court erred in denying his motion to suppress the firearms because law enforcement officers conducted an unlawful search of the rifle case containing one of the firearms and the officers' discovery of the other firearm was the fruit of that unlawful search. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the factual and procedural history of this case, we mention only those facts necessary to explain our decision.

We review a district court's denial of a motion to suppress evidence de novo. *United States v. Stokes*, 292 F.3d 964, 966

---

* The Honorable Anthony W. Ishii, United States District Judge for the Eastern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as Ninth Circuit Rule 36–3 may provide.

(9th Cir.2002); *United States v. Murillo,* 255 F.3d 1169, 1174 (9th Cir.2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 1342, 152 L.Ed.2d 245 (2002). The district court's factual findings underpinning its denial of a motion to suppress are reviewed for clear error. *United States v. Gill,* 280 F.3d 923, 928 (9th Cir.2002); *Murillo,* 255 F.3d at 1174.

As a general rule, a warrantless search or seizure carried out in a private residence is considered presumptively unreasonable. *Welsh v. Wisconsin,* 466 U.S. 740, 748–49, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984). However, a warrantless search may be conducted in exigent circumstances, which are defined as:

> those that would cause a reasonable person to believe that entry … was necessary to prevent physical harm to the officers or other persons, the destruction of relevant evidence, the escape of the suspect, or some other consequence improperly frustrating legitimate law enforcement efforts.

*United States v. Furrow,* 229 F.3d 805, 812 (9th Cir.2000) (internal quotations omitted), *overruled on other grounds by United States v. Johnson,* 256 F.3d 895 (9th Cir. 2001); *Murdock v. Stout,* 54 F.3d 1437, 1441 (9th Cir.1995).

█ The officers' initial entry into the apartment and search of the apartment, including the closet, for a victim or suspect were lawful under the emergency exception to the warrant requirement because the officers had received a burglary call, and upon arriving at the apartment, observed signs of a burglary. *See United States v. Cervantes,* 219 F.3d 882, 888 (9th Cir.2000) (allowing warrantless search under emergency circumstances if emergency requires immediate need for police assistance, search not primarily motivated by intent to arrest and seize evidence, and there is reasonable basis to associate the emergency with the area or place to be searched), *cert. denied* 532 U.S. 912, 121 S.Ct. 1242, 149 L.Ed.2d 150 (2001).

█ While the mere presence of a firearm does not create an exigent circumstance, *United States v. Gooch,* 6 F.3d 673, 680 (9th Cir.1993), courts have found that the police have the right to secure firearms that are unattended and pose a risk that the public will find the weapon. *See, e.g., New York v. Quarles,* 467 U.S. 649, 656–58, 104 S.Ct. 2626, 81 L.Ed.2d 550 (1984) (holding that officer's questions about where suspect had discarded gun were exception to *Miranda* requirement because public safety required officers to retrieve gun and not leave it where members of public could find it); *Cady v. Dombrowski,* 413 U.S. 433, 447–48, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973) (finding police officer's opening of car's trunk without warrant did not violate Fourth Amendment because officer reasonably believed trunk contained gun, trunk was vulnerable to intrusion by vandals, and public might be endangered if intruder removed gun); *United States v. Webb,* 83 F.3d 913, 917 (7th Cir.1996) (deciding that exigent circumstances allowed officer to retrieve shotgun from car trunk with keys still in the lock because gun could have been easily retrieved and officer feared gun's safety mechanisms might not have been activated, allowing gun to accidentally discharge); *United States v. Ware,* 914 F.2d 997, 1000–01 (7th Cir.1990) (exigent circumstances permitted officer to search car for gun because it was either in car or had been discarded by defendant, and as such, might fall into untrained or malicious hands); *United States v. Feldman,* 788 F.2d 544, 553 (9th Cir.1986) (finding that inventory search of car done in violation of police policies lawful because officer reasonably suspected that car contained gun and

search was reasonable to ensure the immediate protection of the public's safety).

Here, the rifle case was clearly designed to hold a rifle. The officers discovered the rifle case while conducting an investigation into a possibly ongoing burglary, and the crime scene had not yet been secured. *Cf. Gooch,* 6 F.3d at 679–80 (defendant arrested and crime scene secured when defendant's tent was searched for firearm). The broken window prevented the officers from securing the apartment. Thus, the search of the rifle case was reasonable under the exigent circumstances exception to the warrant requirement for the protection of the public's safety.

We are mindful that in many of the above cited cases the suspected locations of the firearms were in vehicles, and the Supreme Court in *Cady* specifically differentiated between searching a vehicle for a firearm and a house for a firearm. *See Cady,* 413 U.S. at 442, 447–448, 93 S.Ct. 2523 (noting distinction between motor vehicles and dwelling places when finding warrantless search of trunk to obtain gun permissible). However, this case does not present the situation of the officers having searched the apartment specifically for weapons, which they feared the public would find in the open apartment. *See Gooch,* 6 F.3d at 680 (finding search without warrant of arrested defendant's tent in which officers believed there was a firearm not justified by need to protect public because officers could have prevented children from entering tent until warrant was obtained). Rather, the officers were lawfully present in the apartment searching for persons. Only the search of the rifle case involved the need to protect the public from unattended weapons. *See Arkansas v. Sanders,* 442 U.S. 753, 764 n. 13, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979) (stating that not all containers found during a search deserve full Fourth Amendment

protection because "some containers (for example a kit of burglar tools or a gun case) by their very nature cannot support any reasonable expectation of privacy because their contents can be inferred from their outward appearance"), *overruled on other grounds by California v. Acevedo,* 500 U.S. 565, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991); *United States v. Huffhines,* 967 F.2d 314, 319 n. 5 (9th Cir.1992) (recognizing *Sanders* has been overruled, but finding *Acevedo* does not change the principle stated in *Sanders* "that there is no reasonable expectation of privacy in a container that discloses its contents").

■ Castillo offers other alternatives that the officers could have taken if they believed the rifle case contained a firearm and feared for public safety. However, possible alternative courses of action for the officers does not make the search of the rifle case illegal. *See Cady,* 413 U.S. at 447, 93 S.Ct. 2523 ("The fact that the protection of the public might, in the abstract, have been accomplished by 'less intrusive' means does not, by itself, render the search unreasonable.")

Castillo also incorrectly relies on *United States v. Hoffman,* 607 F.2d 280 (9th Cir. 1979), in which a police officer retrieved a sawed-off shotgun from a trailer without a warrant after a fireman responding to a fire in the trailer had discovered the sawed-off shotgun. *Id.* at 282. There, we found that no emergency justified the police officer's entry into the trailer, and the search violated the Fourth Amendment. *Id.* at 283–85. *Hoffman* does not assist Castillo because the officer in *Hoffman* entered the trailer to seize evidence. *Id.* at 283–84. In this case, the officers opened the rifle case to protect the public from an unattended firearm. Further, unlike *Hoffman* where the trailer was secured and the fireman had already determined that the shotgun was unloaded, *see*

*id.* at 282–83, in this case there was a danger that the public would have access to a potentially loaded firearm.

■ Because the search of the rifle case was lawful, any evidence resulting from the questions prompted by the discovery of the rifle need not be excluded as the fruit of an illegal search. *See Nardone v. United States,* 308 U.S. 338, 341, 60 S.Ct. 266, 84 L.Ed. 307 (1939) (holding that evidence which must be excluded as result of illegal search includes not only direct product of government misconduct but also "fruit of the poisonous tree"). The officers' questions were permissible based on officer safety concerns. *Cf. Maryland v. Buie,* 494 U.S. 325, 334, 110 S.Ct. 1093, 108 L.Ed.2d 276 (1990) (search for officer safety requires "articulable facts which, taken together with the rational inferences from those facts, would warrant a reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger"). Castillo's responses need not be excluded because Castillo acted voluntarily. *See Florida v. Royer,* 460 U.S. 491, 497, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983) (recognizing that law enforcement does not violate Fourth Amendment by asking questions person voluntarily answers).

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.