NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 17, 2015
Decided February 17, 2015

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-1863

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 08-CR-30209-MJR |
| ORLANDO ESCOBEDO, *Defendant-Appellant*. | Michael J. Reagan, *Chief Judge*. |

**O R D E R**

After serving time for possessing a firearm as a felon, 18 U.S.C. § 922(g)(1), Orlando Escobedo violated the terms of his supervised release. At his revocation hearing he admitted to seven separate violations (including drug possession, failing to maintain employment, and changing residences without first notifying his probation officer), and the district court later found an eighth—that he violated state law by restraining a woman against her will. The district court revoked Escobedo's supervised release and reimprisoned him for 24 months. Escobedo appeals, but his lawyer asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). We invited Escobedo to comment on counsel's motion, *see* CIR. R. 51(b), but he did not respond. Counsel has submitted a brief that explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. Because

the analysis in the brief appears to be thorough, we limit our review to the subjects that counsel has discussed. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first informs us that Escobedo wishes to withdraw his admissions and so properly addresses whether he made those admissions knowingly and voluntarily. *See United States v. Wheaton*, 610 F.3d 389, 390 (7th Cir. 2010). We agree with counsel that challenging the voluntariness of the admissions would be frivolous. The district court, during a lengthy colloquy with Escobedo, informed him of the consequences of forgoing a hearing and the maximum possible penalty it could impose, and also ensured that no one had improperly induced the admissions. *See* FED. R. CRIM. P. 32.1(b)(2); *United States v. LeBlanc*, 175 F.3d 511, 517 (7th Cir. 1999). Further counsel now confirms that neither he nor Escobedo seeks to challenge the district court's prior finding that Escobedo was competent to proceed in this case.

Counsel next proposes a challenge to the revocation of Escobedo's supervised release, but properly concludes that this challenge would be frivolous. Because Escobedo admitted at the revocation hearing that the government could prove he unlawfully possessed a controlled substance, revocation was mandatory. *See* 18 U.S.C. § 3583(g)(1); *United States v. Jones*, 774 F.3d 399, 403 (7th Cir. 2014).

Counsel also considers whether Escobedo could challenge the district court's determination that, while on supervised release, he violated the Illinois law against unlawful restraint, *see* 720 ILCS 5/10-3. We agree with counsel that it would be frivolous to challenge this determination. The court found that the testimony of the government's witnesses—two police officers and a probation officer—was credible, and we will generally not disturb credibility findings on review. *United States v. Longstreet*, 669 F.3d 834, 837 (7th Cir. 2012); *United States v. Clark*, 538 F.3d 803, 813 (7th Cir. 2008). Even though Escobedo's counsel implied that he may have pinned the woman down in self-defense, the court could reasonably credit the officers' testimony that he was unlawfully restraining her against her will, especially in light of a recorded jailhouse telephone conversation in which the victim told Escobedo that he had held her down and choked her.

Counsel also considers whether Escobedo could challenge the district judge's impartiality based on his questioning at the hearing of one of the officer witnesses. We agree with counsel that this challenge would be frivolous. The questions by the judge in this case were designed to clarify an issue—the officer's interpretation of the victim's

recorded statement to Escobedo. And even if the court's question had suggested bias, questioning by a judge in a non-jury proceeding will rarely be prejudicial. *See United States v. Webb*, 83 F.3d 913, 917 (7th Cir. 1996); *United States v. Kidding*, 560 F.2d 1303, 1314 (7th Cir. 1977). In any event, any procedural or substantive error on this matter would have been harmless because the judge stated he would have imposed the same 24-month term of reimprisonment regardless of whether he found Escobedo committed the unlawful-restraint offense.

Counsel next considers whether Escobedo could challenge the length of his reimprisonment but properly concludes that this challenge would be frivolous. The district court properly calculated a guidelines range of 30 to 37 months but imposed the maximum 24-month term as set by statute, *see* 18 U.S.C. §3583(e)(3). The court considered the relevant 18 U.S.C. § 3553(a) factors and emphasized Escobedo's history and characteristics (including his "long history of criminality," and a psychological report stating that Escobedo had exaggerated or manufactured symptoms of a mental defect in order to avoid revocation of his supervised release) and the need for the sentence to protect the public (explaining that Escobedo was not a positive figure in the community). This below-guidelines term is entitled to deference, *see Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Womack*, 732 F.3d 745, 747 (7th Cir. 2013), and we see no reason to disregard the presumption of reasonableness here.

Counsel finally considers whether Escobedo may raise the issue of ineffective assistance of counsel but properly concludes that a challenge on this basis is best left for collateral review through which a record can be developed, *see Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Harris*, 394 F.3d 543, 557–58 (7th Cir. 2005), especially since he also represented Escobedo at his revocation hearing, *see United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003).

Thus, we GRANT counsel's motion to withdraw and DISMISS the appeal.