NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 14, 2018
Decided June 14, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 17-2732

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:14CR00095-001 |
| KENNETH E. MASON, *Defendant-Appellant.* | William T. Lawrence, *Judge.* |

**O R D E R**

Kenneth Mason pleaded guilty to possessing a weapon as a felon, 18 U.S.C. § 922(g)(1), and was sentenced to 77 months' imprisonment and 3 years' supervised release. Mason filed a notice of appeal, but his appointed attorney asserts that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). We grant counsel's motion and dismiss the appeal.

Mason was driving when police officer Jerry McClaine tried to stop him for having expired license plates. Mason ignored the officer and continued driving. McClaine had received a tip that Mason might have a gun and drugs on him, so several

police vehicles followed Mason's truck until he pulled into the driveway of a local residence.

McClaine drew his revolver and ordered Mason out of the truck, over the sound of a barking dog in the back seat. Mason, hands hidden, responded that he needed to attend to the dog. Three other officers encircled the truck, at least two with their guns drawn. McClaine then noticed an empty holster next to Mason and asked, "Where's the gun?" Mason replied, "Back here." Mason then tossed the holster out of the window.

McClaine opened the truck door, and Mason emerged. The officers handcuffed Mason and patted him down, but found no weapon. Without giving Mason *Miranda* warnings, the officers continued to ask about the gun. Mason responded that it was in the truck's back seat. The dog was removed from the truck, and the officers searched the vehicle until they located the gun. The officers arrested Mason for resisting law enforcement, and the truck, which was protruding into the road, was impounded.

In the federal prosecution that followed, Mason initially retained an attorney but then decided to represent himself. After a hearing, the judge allowed the attorney to withdraw and assigned Mason standby counsel. Mason received several continuances, pleaded guilty, and later was allowed to withdraw his plea. Later, the judge appointed new standby counsel and granted Mason another continuance.

Meanwhile, Mason moved to suppress all statements he had made and the evidence seized from the truck. After a hearing, the judge determined that the traffic stop was lawful and that Mason's initial response to McClaine's question about the gun fit within the public safety exception to *Miranda*. Mason had made that statement voluntarily, the judge said, despite the officers' drawn weapons. The judge also ruled that the gun retrieved from the truck was admissible, because exigent circumstances justified the warrantless search and, alternatively, the gun inevitably would have been found during an inventory search when the truck was impounded.

On the day trial was scheduled to begin, Mason changed course and entered a conditional guilty plea. Mason waived his right to appeal his conviction and sentence, but he specifically preserved for appellate review the rulings on his motions to suppress and several of the judge's other discretionary rulings.

Standby counsel represented Mason at sentencing. The judge concluded, contrary to the Presentence Investigation Report, that one of Mason's previous convictions was a crime of violence under the Guidelines and calculated Mason's sentencing range to be 77 to 96 months. The judge imposed 77 months' imprisonment.

Mason then filed a timely notice of appeal. Counsel's brief explains the nature of the case and addresses the type of potential issues that an appeal of this kind might be expected to involve. Because counsel's analysis appears to be thorough, we limit our review to the subjects that counsel discusses. *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996). Mason has not responded to counsel's motion. *See* CIR. R. 51(b).

First, counsel states that Mason "does not seek to withdraw his guilty plea" and so does not discuss a challenge to its voluntariness. That is appropriate when an appellate lawyer has informed the client of the risks and benefits of challenging the guilty plea. *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012). Here, though, counsel does not say that she discussed this with Mason; despite that, we may rely on our own review of the record in conjunction with the information in counsel's brief to assess whether a challenge to the plea—under the plain-error standard—would be frivolous. *Id.* The district judge who took the plea complied with Federal Rule of Criminal Procedure 11 and informed Mason of the nature of the charge, the possible penalties, the trial rights he was forfeiting, and the sentencing process. The judge and Mason discussed the meaning of the appeal waiver and the issues preserved for appeal. FED. R. CRIM. P. 11(b). The judge also confirmed that Mason's guilty plea was not coerced and that he was not under the influence of drugs, medication, or alcohol, nor was he suffering from a mental or emotional condition that would impair his ability to understand the proceedings. *Id.* Mason agreed that he had read and understood the plea agreement and reviewed it with the government and standby counsel. An argument that Mason's guilty plea was involuntary would be frivolous. *United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999) (there is "no chance of success on appeal" when defendant later contradicts "freely given sworn statements" during plea hearing.)

Next counsel concludes that it would be frivolous for Mason to argue that his decision to represent himself was not knowing and voluntary. *See Faretta v. California*, 422 U.S. 806, 835 (1975). Although this question was not expressly preserved, it arguably could have affected the voluntariness of the guilty plea. But that argument would be frivolous. The district judge conducted a lengthy colloquy during which he questioned Mason about his education, work experience, and mental state, as well as his experience representing himself in other civil and criminal matters. *See United States v. Todd*, 424 F.3d 525, 531–33 (7th Cir. 2005). The judge warned Mason of the charges and penalties he faced, observed that the rules of evidence and procedure would not be relaxed for a nonlawyer, and advised Mason that it would be unwise for him to proceed pro se. *See id.* at 531. Finally, the judge appointed standby counsel to assist Mason and potentially take over representation if necessary—as Mason eventually requested for

sentencing. Counsel also considers whether Mason could argue that the judge should have ordered standby counsel to assist him more thoroughly and granted his second motion for substitute counsel. But that argument would be frivolous, since the judge accommodated Mason's problems researching and investigating by granting several continuances and assigning funds for Mason to hire a private investigator. And Mason is not entitled to select his appointed standby counsel.

As for Mason's preserved appellate issues, counsel begins with the motions to suppress. Counsel rightly discerns no nonfrivolous argument that the traffic stop was illegal. Though the stop was pretextual, that alone does not matter. *See Whren v. United States*, 517 U.S. 806, 812–13 (1996); *United States v. Watson*, 558 F.3d 702, 703–04 (7th Cir. 2009) (irrelevant that officers used state-law traffic violation as pretext after anonymous tip about illegal guns in car). Objectively, the stop was justified because Mason was violating traffic laws by driving with an expired license plate. Similarly, it would be frivolous to argue that Mason's arrest for resisting law enforcement was without probable cause when it is undisputed that he drove over a mile past safe pull-offs and then refused to exit his truck. *See Woodward v. State*, 770 N.E.2d 897, 901–02 (Ind. Ct. App. 2002) (failing to stop for over a mile despite well-lighted parking lots sufficient to support conviction for resisting law enforcement).

Nor can Mason nonfrivolously challenge the judge's refusal to suppress Mason's initial statement or the gun. Mason's statement that a gun was in the car was admissible under the public-safety exception, which allows police officers to question a suspect without *Miranda* warnings if they reasonably believe the questions are necessary to ensure public, or their own, safety. *See New York v. Quarles*, 467 U.S. 649, 655–57 (1984). McClaine had reason to be concerned: he could see an empty gun holster near Mason, whose hands were hidden, and so it was reasonable for him to ensure that Mason was not holding an out-of-sight gun. *See United States v. Hernandez*, 751 F.3d 538, 542 (7th Cir. 2014); *United States v. Are*, 590 F.3d 499, 506–07 (7th Cir. 2009).

Similarly, there is no nonfrivolous argument that the officers' search of the truck was illegal. Exigent circumstances justified the officers' search since they had reason to believe a gun was in the truck, and an unattended firearm poses a safety risk to the public. *See United States v. Webb*, 83 F.3d 913, 916–17 (7th Cir. 1996). And even if the search were illegal, the gun's discovery was inevitable since the sheriff's office conducts routine inventory searches of impounded cars. *Colorado v. Bertine*, 479 U.S. 367, 375–76 (1987); *United States v. Cartwright*, 630 F.3d 610, 613–14 (7th Cir. 2010).

Finally, we turn to the remaining discretionary rulings Mason preserved for appeal. We agree with counsel that there is no nonfrivolous argument that the judge's

evidentiary rulings—that the parties could not (without a sidebar) argue Mason's potential sentence to the jury nor use a potential witness's employee file to impeach the witness's character using specific instances of conduct—were abuses of discretion. *See* FED. RS. EVID. 401, 608(b); *United States v. Phillips*, 745 F.3d 829, 833 (7th Cir. 2017). And it would be frivolous to argue that the judge erroneously prevented Mason from asserting an insanity defense or presenting related expert testimony. Mason gave notice of the insanity defense less than three weeks before trial and with inadequate support. *See United States v. Weaver*, 882 F.2d 1128, 1135–36 (7th Cir. 1989). And there is no point in arguing that the judge's denial of Mason's final motions to continue the trial date was an abuse, given that the judge had granted a half-dozen lengthy continuances already, and Mason filed his motions just a short time before trial was to begin. *See United States v. Miller*, 327 F.3d 598, 601 (7th Cir. 2003). Moreover, Mason has no nonfrivolous argument that he was prejudiced by that denial because he had adequate time and materials to prepare for trial. *Id.* at 602.

The last issue counsel addresses is Mason's sentence. Because Mason's guilty plea was knowing and voluntary, he has waived his right to appeal his sentence. Thus we agree with counsel that, since Mason received a sentence below the 10-year statutory maximum, any challenge to his sentence would be frivolous. *See Jones v. United States*, 167 F.3d 1142, 1144 (7th Cir. 1999).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.