**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Timothy L. STEWART, Defendant– Appellant.**

**No. 99–2453.**

United States Court of Appeals, Seventh Circuit.

Argued Nov. 17, 1999.

Decided Dec. 7, 1999.

Stephen P. Sinnott (argued), Peggy A. Lautenschlager, Office of the United States Attorney, Madison, WI, for plaintiff-appellee.

Richard L. Zaffiro (argued), Wauwatosa, WI, for defendant-appellant.

Before ESCHBACH, EASTERBROOK, and ROVNER, Circuit Judges.

EASTERBROOK, Circuit Judge.

After pleading guilty to possessing crack cocaine with intent to distribute—count three of a multi-count indictment—Timothy Stewart decided that the price of crime was too high. The presentence report calculated a sentencing range of 100 to 125 months' imprisonment, based on 30 grams of crack (producing a base offense level of 28, less 3 for acceptance of responsibility) and a criminal history category of V. Stewart then sought to withdraw his plea and go to trial. Asked why, Stewart told the judge that "I was under the impression that I was going to get under—60 months or under and I was going to be eligible to go to boot camp." Stewart also claimed to be innocent and tendered an affidavit signed by his brother in which the brother claimed to have owned some of the crack

that was included in the relevant-conduct calculation. His brother added that Stewart had never possessed that cocaine.

Stewart had sung a different song when entering his plea, however. Under oath, he not only admitted all of the elements of the offense but also admitted owning and possessing the cocaine that his brother's affidavit later claimed that Stewart had never touched. Stewart also swore that he knew that 60 months' imprisonment was the minimum he could receive, that the maximum was 480 months, that he could not rely on receiving any particular sentence, and that no one had made any assurances concerning the sentence he would receive. If what he told the judge when entering his plea was true, then everything he told the judge when seeking to withdraw that plea was false (and the reverse). Stewart attempted to explain away his evident perjury:

> I just was swearing under oath because I already knew that the plea bargain and everything was set up. So I was just saying anything to go along with the plea because I didn't want my plea to get took back.... [T]he only reason I set there and said I was guilty and swore under oath so many times is because I already had in my mind that I had 60 months coming. No matter what you said and no matter what question you asked me, I already had it in my mind that I had 60 months coming.. So I was just answering all your questions just to be answering them, whether they were truthful or not.

The district judge was not impressed by this "justification" for perjury on top of drug dealing and denied the motion to withdraw the plea. Because the judge concluded that by procuring his brother's affidavit Stewart had frivolously denied relevant conduct (that is, had denied a drug transaction to which he had already admitted under oath at the plea hearing), the judge declined to deduct three offense levels under U.S.S.G. § 3E1.1. This put Stewart at level 28, with a sentencing range of 130 to 162 months. His sentence of 146 months was well above what he would have received had he not attempted to withdraw his plea.

■ What Stewart principally wants is an order requiring the district court to hold a hearing to investigate the possibility that Stewart's lawyer told him that he would receive a maximum of 60 months' imprisonment. That advice, if given, would have been ineffective assistance of counsel, Stewart insists; and *whether* it was given is a question of fact that only a hearing can explore. The fundamental problem with this position is that Stewart has already had one opportunity to state, under oath and in the presence of the district judge, whether his attorney gave such defective advice. That opportunity was the plea hearing, and Stewart swore that no such advice had been given. Why should he now receive an opportunity to contradict himself under oath, and thus to violate 18 U.S.C. § 1623(c), the inconsistent-declarations statute? Why should the district judge believe Stewart the second time, when he has already declared his willingness to lie under oath in order to achieve a lower sentence? In civil cases courts regularly hold that litigants cannot create a factual issue requiring trial by contradicting, under oath, a prior sworn statement; thus, for example, a statement made at a deposition cannot be canceled out by a later affidavit unless there is a powerful reason such as newly discovered evidence. See, e.g., *Cleveland v. Policy Management Systems Corp.*, 526 U.S. 795, 119 S.Ct. 1597, 1603–04, 143 L.Ed.2d 966 (1999) (collecting cases from every circuit); *Seshadri v. Kasraian*, 130 F.3d 798, 801 (7th Cir.1997). Likewise with statements made at the time of a plea. See, e.g., *United States v. Ellison*, 835 F.2d 687, 693 (7th Cir.1987); *United States v. Messino*, 55 F.3d 1241, 1248 (7th Cir.1995). Cf. *Blackledge v. Allison*, 431 U.S. 63, 73–75, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

■ Once entered, a plea of guilty may be withdrawn only for a "fair and just

reason." Fed.R.Crim.P. 32(e). A defendant's protestation that statements freely made under oath when entering the plea were a pack of lies is not a "fair and just reason" to start anew. A believable claim that the plea had been coerced, and thus was involuntary, would demonstrate a good reason for deceit; for example, proof that a third party had threatened to kill Stewart's brother unless Stewart pleaded guilty would meet Rule 32(e)'s standard. But Stewart does not contend that his plea (or any of the statements he made) was coerced; he argues only that, because he thought that his sentence would be 60 months, he felt free to lie to the judge. That is not a fair or just reason. It is instead a claim of privilege to commit a crime for personal convenience.

Because many defendants seem to be under the misapprehension that a guilty plea is just provisional, and an oath to tell the truth means nothing, let us be clear. A district judge *may* permit a defendant to withdraw the plea if the judge finds convincing the defendant's reasons for lying under oath, but because the district judge possesses considerable discretion in this regard, *United States v. Abdul*, 75 F.3d 327, 329 (7th Cir.1996), a defendant has no chance of success on appeal when the judge elects to treat freely given sworn statements as conclusive. Entry of a plea is not some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard. A defendant has no legal entitlement to benefit by contradicting himself under oath. Thus when the judge credits the defendant's statements in open court, the game is over. See *Anderson v. Bessemer City*, 470 U.S. 564, 573–74, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). There will be no further evidentiary hearing, and an appeal is pointless (indeed, frivolous).

■ Stewart's further contention that he is entitled to a three-level reduction for acceptance of responsibility is equally feeble. He attempted to withdraw the plea, confessed to perjury in open court, procured a false affidavit from his brother, and thus demonstrated a serious risk of recidivism. "[N]o one is *entitled* to the reduction under U.S.S.G. § 3E1.1. See *United States v. Gomez*, 24 F.3d 924, 926 (7th Cir.1994). The district court must decide whether the defendant has indeed accepted responsibility and evinced a character trait that implies a lower risk of recidivism. Appellate review is accordingly deferential. Far from showing that [he] had learned [his] lesson and would rejoin law-abiding society, [Stewart] committed a new crime in the judge's presence." *United States v. Bomski*, 125 F.3d 1115, 1118–19 (7th Cir.1997). Stewart has proclaimed willingness to commit additional crimes, such as perjury, in order to reduce the punishment for his old ones. This attitude is the antithesis of acceptance of responsibility.

■ Stewart's last contention—that the district court should have concluded that criminal history category V overstates the seriousness of his record, and therefore departed downward—is not even within our jurisdiction. The district judge recognized that he had authority to depart but elected not to do so. His exercise of that discretion is not reviewable here. *United States v. Levine*, 180 F.3d 869, 873 (7th Cir.1999). The judge gave Stewart a sentence in the middle of the level 28 range and readily could have justified either a sentence at the top of that range or a sentence in the level 30 range of 151 to 188 months (adding two levels for obstructing justice). Stewart has no *bona fide* complaint about his sentence.

Other defendants should reflect on what happened (and could have happened) to Stewart when deciding how to answer a judge's questions at a plea hearing, and whether to recant.

AFFIRMED