Charles E. JONES, Petitioner–Appellant,

v.

Steven BRYANT, Warden, Respondent–Appellee.

No. 01–1792.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 13, 2001.*

Decided Dec. 19, 2001.

Rehearing Denied Jan. 22, 2002.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

Before BAUER, EASTERBROOK, and EVANS, Circuit Judges.

Order

After pleading guilty to attempted murder, Charles Jones received a sentence of 10 years' imprisonment. At the time of this plea, Jones was under a separate indictment for murder; he was convicted of that charge and received a 30–year sentence, consecutive to the 10–year term. Jones attempted to withdraw his guilty plea to the attempted murder charge, contending that he had not understood that the sentences for his two crimes could run consecutively. He also argued that the prosecution had failed to disclose exculpatory evidence (particularly a statement by Charles Coates, the intended victim, that although Jones had taken part in the assault someone else had done the shooting) and that his lawyer had coerced him into pleading guilty. The trial court considered this motion twice, denying it both times. On each occasion Jones was represented by Kathleen Pantle, who Jones had accused of coercing his plea. On appeal Jones had a different lawyer. The Appellate Court of Illinois affirmed, ruling that all of Jones's constitutional rights had been honored. After the Supreme Court of Illinois declined to hear the case, and the state courts denied his petition for collateral relief, Jones sought a writ of habeas corpus in federal court. The district judge denied his petition, and he appealed to us.

Proceedings in the state courts were procedurally complex, but unraveling the details is not necessary. Nor need we discuss the bulk of Jones's contentions, for the district court's certificate of appealability identifies only two substantial issues, and we see no justification for its expansion. Thus we turn directly to the first question: whether Jones is entitled to collateral relief on the theory that failure to reveal Coates's statement before the guilty plea violated the due process clause of the fourteenth amendment, as understood in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Phrasing the question this way is important: we must decide, not whether the state carried out all of its constitutional duties, but whether

any error justifies collateral relief under the standards adopted by 28 U.S.C. § 2254(d), part of the Antiterrorism and Effective Death Penalty Act.

Language added by the AEDPA specifies that, to obtain federal collateral relief, a prisoner must show that the state court's decision "was contrary to, or involved an unreasonable application of, *clearly established* Federal law, *as determined by the Supreme Court of the United States*" (§ 2254(d)(1), emphasis added). Courts of appeals do not agree on whether, and if so how, the principles of *Brady* apply to pretrial disclosures, and thus affect guilty pleas. Compare *United States v. Avellino*, 136 F.3d 249, 255 (2d Cir.1998), and *United States v. Ruiz*, 241 F.3d 1157 (9th Cir. 2001), petition for cert. pending, No. 01–595, with *Orman v. Cain*, 228 F.3d 616, 617 (5th Cir.2000). Our own opinions, which declare that *Brady* governs trials and not pretrial discovery, e.g., *United States v. Higgins*, 75 F.3d 332 (7th Cir. 1996), imply (as *Orman* held) that nondisclosure at the time of a guilty plea does not violate the Constitution. *Brady* promotes accurate truth-finding at trial, and a defendant who *admits* guilt does not avail himself of those rights. Someone who denies guilt but enters an *Alford* plea, conceding only that the prosecution could prove its case, might have a stronger position, but Jones, who in open court confessed his guilt, did not invoke the protections of the adversary process. No matter. The Supreme Court's decisions do not clearly establish that prosecutors must reveal exculpatory information before trial, so under § 2254(d)(1) Jones is not entitled to relief on federal collateral attack.

■ Likewise Jones's ineffective-assistance claim founders on the lack of support from the Supreme Court. He relies on *United States v. Ellison*, 798 F.2d 1102, 1108–09 (7th Cir.1986), for the proposition that ineffective assistance occurs as a mat- ter of law if a lawyer whose performance is at issue represents the defendant in a request to withdraw a guilty plea. It is by no means clear that *Ellison* establishes that proposition (in *Ellison* the lawyer testified against the defendant he was representing, something that did not occur here), but even if *Ellison* were on point it would not represent "clearly established Federal law, *as determined by the Supreme Court of the United States*". See *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (noting that the AEDPA precludes upsetting the judgments of state courts on the basis of precedents created by federal courts of appeals).

Decisions such as *Holloway v. Arkansas*, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978), and *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), which deal with attorneys laboring under conflicts of interest, spell out "Federal law, as determined by the Supreme Court of the United States"– though the extent to which their rules are "clearly established" is open to debate. Courts of appeals have been unable to agree on the proper allocation of burdens under these decisions, when judges must intervene to deal with apparent conflicts, and when defendants must show prejudice from a conflict. *Mickens v. Taylor*, 240 F.3d 348 (4th Cir.2001) (en banc), cert. granted, —— U.S. ——, 121 S.Ct. 1651, 149 L.Ed.2d 467 (2001) (argued November 5, 2001), may clarify some of these matters. Our circuit has held that even in a one-defendant case, with no lawyer exposed to the dual loyalties of representing multiple persons, it is unnecessary to show prejudice, see *Spreitzer v. Peters*, 114 F.3d 1435, 1450 (7th Cir.1997); but this is a minority position, which cannot be deemed to be "*clearly established* Federal law, *as determined by the Supreme Court of the United States*". Certainly no case directly establishes the principle that Jones needs: that any defendant is entitled to a new lawyer

on demand, as soon as he complains about the performance of the old one.

■ The only principle that can be deemed clearly established (at the Supreme Court level) at the moment in a one-defendant case is that, if the accused shows prejudice from a conflict that has not been waived, then relief is available. See *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which like most of the Supreme Court's later ineffective-assistance cases insists that the defendant establish prejudice. Here Jones encounters an insuperable hurdle, for all he has done is *allege* that Pantle coerced him to plead guilty. He has not taken the first step toward proving this; he has not, for example, filed an affidavit with details. What is more, in open court Jones swore that no one had pressured or threatened him to induce his plea, or promised him anything other than the sentencing concessions recited in court. Federal courts do not permit defendants to withdraw their pleas or obtain other relief on theories that depend on a defendant's denouncing as perjury his own statements when pleading guilty. See, e.g., *United States v. Stewart,* 198 F.3d 984 (7th Cir. 1999). Yet unless we take it as established that Jones lied to the judge when pleading guilty, he cannot now show any injury from Pantle's representation at his post-plea hearings, for his coercion theory would have been untenable no matter how (or by whom) it was presented. Because Jones has not established prejudice from Pantle's representation, he is not entitled to a writ of habeas corpus.

AFFIRMED