**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Tony S. SMITH, Defendant–Appellant.**

No. 03–2585.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 9, 2003.

Decided Oct. 9, 2003.

Before RIPPLE, MANION, and
WILLIAMS, Circuit Judges.

## ORDER

Tony S. Smith pleaded guilty to escaping from a federal prison camp, 18 U.S.C. § 751(a), and the district court sentenced him to a 37–month prison sentence to run consecutively to the 62–month term he was serving for a drug conviction when he escaped. The court also imposed a three-year term of supervised release to run concurrently with the term he received for his drug conviction, as well as a $100 fine, and a special assessment of $100. Mr. Smith filed a notice of appeal, but his appointed lawyer moves to withdraw because he cannot discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Pursuant to Circuit Rule 51(b), Smith received notice of counsel's motion but failed to reply. Because counsel's brief is facially adequate, we limit our review to the potential issue identified. *See U.S. v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997) (per curiam). We agree with counsel that an appeal on that ground would be frivolous and thus grant counsel's motion to withdraw and dismiss Mr. Smith's appeal.

One night in the fall of 2002, Mr. Smith and another inmate left the Marion federal prison camp after midnight, intending to return before the 3:00 a.m. inmate count. Mr. Smith planned to have the person who picked them up drive him to a hotel so he could spend time with a woman waiting there. However, the police stopped the driver for driving with a suspended license and apprehended the two escaped prisoners in the backseat.

At the sentencing hearing, counsel for Mr. Smith argued that the district court should depart downward on the ground that Mr. Smith's criminal history score over-represented his actual criminal record. *See* U.S.S.G. § 4A1.3. Because Mr.

Smith had three prior drug trafficking offenses, the conviction for escaping from prison qualified Mr. Smith as a career offender and moved him from Criminal History Category V to Category VI. U.S.S.G. § 4B1.1. Counsel argued that, although we have categorized any escape from prison as a "crime of violence" under the guidelines, *see United States v. Bryant*, 310 F.3d 550, 554 (7th Cir.2002), the nonviolent nature of this particular case provided a ground to depart downward. After explicitly electing not to exercise its discretion to depart on that basis, the district court sentenced Mr. Smith within his guideline range.

In his *Anders* brief, counsel identifies the refusal to depart as the only potential ground for appeal. We agree with counsel that we would have no jurisdiction to review the court's refusal to depart because the district court recognized its ability to depart and then chose not to grant the motion. *See United States v. Stewart*, 198 F.3d 984, 987 (7th Cir.1999); *U.S. v. Hillsman*, 141 F.3d 777, 780 (7th Cir.1998). Accordingly, an appeal on that basis would be frivolous.

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.