NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 23, 2007
Decided March 22, 2007

**Before**

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-2625

| | |
|---|---|
| UNITED STATES OF AMERICA,<br> *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin |
| *v.* | No. 06-CR-03-S-01 |
| QUINTON J. LOMACK,<br> *Defendant-Appellant*. | John C. Shabaz,<br> *Judge*. |

**O R D E R**

Quinton Lomack was indicted for possessing a firearm following a felony conviction, *see* 18 U.S.C. § 922(g)(1), and possessing with intent to distribute more than five grams of crack cocaine, *see* 18 U.S.C. § 841(a)(1). He agreed to plead guilty to the cocaine charge in exchange for the government's promise to dismiss the gun charge. A couple of months after the district judge accepted the guilty plea in a hearing in which Lomack admitted his guilt, Lomack moved to withdraw his plea. The judge denied the motion and sentenced Lomack to 162 months' imprisonment (plus three years of supervised release). On appeal, Lomack contests only the district court's denial of his motion to withdraw his plea. Because the judge did not abuse his discretion in denying Lomack's request to withdraw his plea, we affirm the judgment.

On November 14, 2005, Officer Denise Markham went to the home Lomack shared with his girlfriend, Lakeasha Brown, to arrest him on an outstanding warrant. Officer Markham found Lomack outside, and, when he resisted arrest, Markham used pepper spray to restrain him. A pat-down search turned up marijuana and $1600 in Lomack's pants pocket. Officer Markham then escorted Lomack to the apartment to wash out the pepper spray; Brown let them in. Soon additional officers showed up, and, after Lomack left, the officers asked Brown if she knew where Lomack kept his gun. Brown led Officer Markham and Officer David Wixom to a bedroom, where she opened several drawers and said, "[h]e usually keeps it in here." Officer Wixom located under the mattress a loaded .40 caliber handgun, which Brown stated belonged to Lomack. The officers also found crack cocaine and a digital scale sitting on the nightstand by the bed, approximately 2-3 feet from the gun. Brown then led the officers to the kitchen, where she retrieved a box of ammunition that she said belonged to Lomack.

Lomack initially denied possessing either the cocaine or the gun, but eventually agreed to plead guilty to the cocaine charge in exchange for the government's promise to, among other things, dismiss the gun charge and recommend that he receive the maximum reduction for acceptance of responsibility (contingent, of course, on him behaving accordingly). At the change-of-plea hearing, Lomack said that he had read and understood the terms of the plea agreement and had discussed it with his attorney. The district court confirmed that Lomack understood that the government had made no promises with respect to his sentence and that the government would make its full criminal file available to the Probation Office for its presentence investigation report (PSR). Lomack swore that he had not been pressured or coerced to plead guilty, that he understood the potential sentencing consequences of his plea, and that he and his attorney had discussed the application of the sentencing guidelines to his case. Lomack then admitted that he had possessed the cocaine base found at the apartment he shared with Brown and that he had intended to distribute it. The district court accepted Lomack's guilty plea.

The PSR recommended that Lomack receive a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) because he possessed a gun in connection with the drug offense. See U.S.S.G. § 2D1.1 cmt. n.3 (recommending the enhancement if a weapon was present, "unless it is clearly improbable that the weapon was connected to the offense"). Lomack objected to the enhancement, arguing that the government had not established by a preponderance of the evidence that the gun was his. In support of his objection, Lomack submitted an affidavit signed by Brown in which she swore that Lomack did not live with her, that the gun the officers had retrieved was not his, and that she had never seen him with a gun. The probation officer responded to the objection by recommending, in an addendum to the PSR, that Lomack not

receive a reduction under § 3E.1.1 for acceptance of responsibility because, in contesting his possession of the gun, he was falsely denying relevant conduct.  The probation officer further recommended that, should the judge find that Lomack had suborned perjury from Brown, he should receive an enhancement for obstruction of justice.  *See* U.S.S.G. § 3C1.1.

Lomack moved to withdraw his plea, arguing as relevant here that he did not realize that the gun could be used against him at sentencing and that the government had acted in "bad faith" by not recommending acceptance of responsibility points.  The district court denied the motion, finding that Lomack had not presented a "fair and just" reason to withdraw his plea.  The court explained that Lomack had not presented any reason to doubt the voluntariness of his plea or the veracity of his statements during the plea colloquy.  The district court also told Lomack that his denial of relevant conduct should be raised at sentencing, not in a motion to withdraw his guilty plea.

At sentencing, the district court heard testimony from Officers Markham and Wixom, and determined by a preponderance of the evidence that Lomack had possessed a gun in connection with the drug offense.  The district court also found that Lomack had obstructed justice by submitting a false affidavit from Brown.  *See* U.S.S.G. § 3C1.1 cmt. n.4(b).  Based on Lomack's denial that the gun was his, the district court declined to award him any points for acceptance of responsibility.  *See* U.S.S.G. §3E1.1 cmt. n.1(a).  Lomack was sentenced within the range recommended by the guidelines.

Lomack's sole argument on appeal is that the district court abused its discretion in denying his motion to withdraw his guilty plea.  *See United States v. Roque-Espinoza*, 338 F.3d 724, 726 (7th Cir. 2003).  He contends that he did not know that he could be held responsible for the gun as relevant conduct at sentencing, and that the district court's failure to inform him is a "fair and just" reason to withdraw the plea, *see* Fed. R. Crim. P. 11(d)(2)(B).  He also believes that the government "pulled the rug out from under him" by not recommending that he receive a sentence reduction for acceptance of responsibility because he had maintained, both before and after the plea agreement, that the gun was not his.

Lomack faces an uphill battle; we review for clear error a district court's determination that a defendant did not present a "fair and just reason" to withdraw his plea.  *United States v. Carroll*, 412 F.3d 787, 792 (7th Cir. 2005).  One such "fair and just reason" is if a defendant's plea was involuntary.  *United States v. Ellison*, 835 F.2d 687, 692-93 (7th Cir. 1987).  However, the record created by a Rule 11 inquiry is presumed to be true, *United States v. Trussel*, 961 F.2d 685, 689 (7th Cir. 1992) (citation and quotation marks omitted), and "statements made to a federal judge in open court are not trifles that defendants may elect to disregard." *United*

*States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999). The fact that a defendant underestimated his sentence at the time of his plea is generally not a fair and just reason to permit him to withdraw, *United States v. Gilliam*, 255 F.3d 428, 433 (7th Cir. 2001), and the district judge "is not required to, and often cannot, at the time the plea is tendered, inform the defendant of the effects the application of the Sentencing Guidelines will have on the sentence." *United States v. Knorr*, 942 F.2d 1217, 1220 (7th Cir. 1991).

The district court did not clearly err when it determined that Lomack's professed ignorance about the sentencing consequences of his plea was not a "fair and just reason" to allow him to withdraw. During his plea hearing, Lomack swore he understood that the United States would make its full file available to the Probation Office for use in preparing its PSR. He swore that he understood that the government "had made no promises or guarantees regarding the sentence which would be imposed." He also stated that he had spoken to his attorney about how the sentencing guidelines might apply to his case. Lomack may well have believed that the government's willingness to dismiss the gun charge implied that it believed the gun was not his. But his sworn statements, which carry a presumption of verity, *see Trussel*, 961 F.2d at 689, show that he was aware (or should have been made aware, by his attorney) that the gun could be used against him at sentencing. We will not overturn the district court's decision "to treat freely given sworn statements as conclusive." *Stewart*, 198 F.3d at 987.

Similarly unavailing is Lomack's contention that withdrawal of his plea is warranted by the government's failure to recommend a reduction for acceptance of responsibility. His argument does not comport with his own sworn statements at the plea hearing, in which he acknowledged that the government was not required to make the recommendation "should [he] engage in any conduct between the date of [the] plea agreement and the sentencing hearing which is inconsistent with acceptance of responsibility." After the plea hearing Lomack gambled and lost by submitting an affidavit signed by Brown in which she directly contradicted his sworn testimony as well as her own statements to the police. Based on the false affidavit, the government declined to recommend a reduction for acceptance of responsibility and sought an enhancement for obstruction of justice. *See* U.S.S.G. § 3E1.1 cmt. n.4; § 3C1.1 cmt. n.4(b). This is not a case of the government "pull[ing] the rug out from under" him, *see United States v. Hauptman*, 111 F.3d 48, 51 (7th Cir. 1997); Lomack had sworn, only weeks before, that he was aware that the government could do so.

AFFIRMED.