**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4465**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

CHUCK PARKER COLLINGTON, a/k/a Chuck Berry Collington,

Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:09-cr-00342-RBH-1)

Submitted:  February 28, 2011         Decided:  March 21, 2011

Before WILKINSON, NIEMEYER, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert M. Sneed, ROB SNEED LAW FIRM, LLC, Greenville, South Carolina, for Appellant.  Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Chuck Collington pled guilty to possession with intent to distribute five grams or more of cocaine base, 21 U.S.C. § 841(a)(1) (2006). He was sentenced to thirty years in prison. Collington now appeals. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one issue but stating that there are no grounds for appeal. Collington has filed a pro se brief and several supplements to that brief (collectively, the supplemental brief). We affirm.

I.

In the Anders brief, counsel contends that the district court erroneously denied Collington's motion to suppress evidence seized during a traffic stop. In his supplemental brief, Collington raises additional Fourth and Fifth Amendment issues pertaining to the stop and the related suppression hearing.

A valid guilty plea waives all prior non-jurisdictional defects. Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. Willis, 992 F.2d 489, 490 (4th Cir.

2

1993).[1]  After reviewing the transcript of Collington's Fed. R. Crim. P. 11 proceeding, we conclude that the district court fully complied with that Rule, that Collington's plea was knowingly and voluntarily entered, and that there was a factual basis for the plea.  Accordingly, Collington's valid guilty plea constituted a waiver of his right to raise issues related to the suppression motion.

## II.

In the supplemental brief, Collington contends that the Government breached the plea agreement when: (1) his offense level was not adjusted based on acceptance of responsibility; (2) the United States failed to move for a reduction of sentence based on his substantial assistance to the Government; and (3) the district court questioned him at sentencing about a homicide.  Because these claims were not raised below, our review is for plain error.  See United States v. Olano, 507 U.S. 725, 732-37 (1993).  To establish plain error, the defendant must show that: (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights.  Id. at 732. Even when the defendant makes this showing, we will exercise our

---

[1] Collington's claim in the supplemental brief that his indictment was defective also is waived under the cited authorities.

discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks omitted).

With respect to acceptance of responsibility, the plea agreement provided that, if the district court determined that Collington had "readily demonstrated acceptance of responsibility," U.S. Sentencing Guidelines Manual § 3E1.1 (2008) would apply. The record reveals that Collington received a two-level enhancement based on obstruction of justice. See USSG § 3C1.1. In light of this enhancement, Collington did not accept responsibility for the offense, and he was not entitled to a reduction based on acceptance of responsibility. See USSG § 3E1.1, cmt. n.4.

With regard to substantial assistance, the decision whether to file a USSG § 5K1.1 motion based on such assistance lies solely within the Government's discretion. See United States v. Butler, 272 F.3d 683, 686 (4th Cir. 2001). Thus, unless the Government has obligated itself in the plea agreement to make such a motion, its refusal to make a § 5K1.1 motion is not reviewable on appeal absent evidence of an unconstitutional motive. Wade v. United States, 504 U.S. 181, 185-87 (1992); Butler, 272 F.3d at 686.

Here, the Government did not obligate itself in the plea agreement to make a § 5K1.1 motion. The plea agreement

4

provided in pertinent part that the Government would make such a motion if Collington cooperated and the Government deemed his cooperation to be substantial assistance. The Government's discretionary decision not to move for a reduction is not reviewable because there is no evidence that the decision was based on an unconstitutional motive.

Finally, Collington contends that, while the plea agreement stated that he would not be questioned in connection with any homicide, the district court asked him about a murder at sentencing. This questioning, he contends, breached the plea agreement. We find this claim to lack merit because the plea agreement provided that, while Collington would not be questioned in connection with any homicide, the agreement also stated that the provision did not apply to information known to the Government prior to the date of the plea agreement. Because the Government knew at the time of the plea agreement of a homicide committed by Collington in 2004, the district court's question at sentencing was not a breach of Collington's agreement with the Government.

III.

Collington contends that the district court erred by applying the wrong crack-to-powder cocaine ratio and that the court incorrectly calculated the amount of drugs constituting

5

relevant conduct. Because Collington's advisory Guidelines range was determined based on the murder cross-reference, rather than by reference to the Drug Quantity Table, there was no plain error. See United States v. Olano, 507 U.S. at 732.

IV.

Following preparation of the presentence investigation report (PSR), the parties agreed upon a sentence of thirty years. At sentencing, Collington repeatedly assured the court that he had agreed to this sentence freely and voluntarily after having sufficient time to discuss the matter with his attorney.

Collington argues for the first time on appeal that his plea was invalid because he was told that if he did not abandon any objection to the thirty-year sentence, he would be sentenced to life in prison.[2] He also claims that he was not told that the homicide would be used in determining his advisory Guidelines range. Notably, Collington did not move at sentencing or at any other time to withdraw his guilty plea. Further, his assertions are at odds with his representations at his Rule 11 hearing that he understood the concept of relevant conduct and that his plea was made voluntarily. The assertions

---

[2] We note that the maximum penalty for the offense is not life, but forty years in prison. See 21 U.S.C. § 841(b)(1)(B) (2006).

6

also conflict with his several assurances to the court at sentencing that he had voluntarily agreed to the thirty-year sentence after consultation with his attorney. Under these circumstances, we find no plain error with respect to Collington's claim that his plea was invalid. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1978); United States v. Stewart, 198 F.3d 984, 987 (7th Cir. 1999); United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991).

V.

Collington contends for the first time on appeal that he was entitled to the benefit of the safety valve provision. See 18 U.S.C. § 3553(f) (2006); USSG § 5C1.2. The provision properly was not applied because Collington used violence in connection with the offense. See United States v. Beltran-Ortiz, 91 F.3d 665, 669 (4th Cir. 1996). Collington's failure to receive the benefit of this provision was not plain error. See United States v. Olano, 507 U.S. at 732.

VI.

Collington contends that his attorney was ineffective because of a conflict of interest. Our review of the official district court docket sheet reveals that counsel filed a motion for a hearing on whether a conflict of interest existed because

of his representation of both Collington and an individual who was expected to testify at Collington's sentencing. Collington's attorney also filed a motion to subpoena a different individual who could testify as to whether certain Government witnesses expected to testify at Collington's sentencing about the murder were, in fact, witnesses to the murder.

To allow for adequate development of the record, a defendant ordinarily must raise a claim of ineffective assistance of counsel in a 28 U.S.C.A. § 2255 (West Supp. 2010) motion unless it conclusively appears on the face of the record that counsel provided inadequate assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). Because no witnesses testified at Collington's sentencing, we conclude that the record does not conclusively establish ineffective assistance.[3]

VII.

Collington contends that he was improperly assessed one criminal history point for marijuana possession. This issue

---

[3] In a related claim, Collington complains that certain docket entries pertaining to these matters are missing from the district court's docket sheet. We have reviewed the official docket sheet and all pertinent documents, some of which are sealed. We conclude that the official docket sheet is complete.

was not preserved for appeal, and our review is for plain error. See United States v. Olano, 507 U.S. at 732. The PSR discloses that Collington received one point for a 2005 conviction of simple marijuana possession, for which he received a fine. A misdemeanor marijuana conviction merits the one-point assessment under USSG § 4A1.1(c). United States v. Russell, 564 F.3d 200, 206 (3rd Cir. 2009). There was no plain error.

## VIII.

In accordance with Anders, we have reviewed the entire record for meritorious issues and have found none. We therefore affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy was served on the client. We deny the motion to disclose grand jury materials and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

9