NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Argued January 9, 2020

Decided January 13, 2020

Before

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

| | |
|---|---|
| No. 18-3407 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | |
| *v.* | |
| CONSTANTINO PERALES, *Defendant-Appellant.* | No. 13 CR 888-1 Amy J. St. Eve, *Judge.* |

**Order**

Constantino Perales, a physician, pleaded guilty to conspiring to distribute a controlled substance (oxycodone). As part of the plea agreement he admitted prescribing several other opiates without a bona fide medical reason. He has been sentenced to 144 months' imprisonment.

Before being sentenced Perales asked the judge to set aside his plea and hold a trial. The judge denied that motion, finding that Perales had not established a "fair and just reason" (Fed. R. Crim. P. 11(d)(2)(B)) for that step. 2018 U.S. Dist. LEXIS 132122 (N.D. Ill. Aug. 7, 2018).

Perales asserted that his lawyers had hectored him into pleading guilty and that he was suffering from a panic attack at the time. The judge found the first of these contentions insufficient because Perales had said just the opposite, under oath, when pleading guilty. A defendant cannot obtain a benefit by contradicting assurances given to a judge under oath. *United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999). The judge found the second contention insufficient because Perales's demeanor and conduct were the same on the day he pleaded guilty as they had been earlier during the prosecution, at times when he does not contend that he was suffering a panic attack. The judge provided funds for Perales to consult a mental-health expert. Perales retained Dr. Steven Gaskell, who conducted an independent examination, administered tests, and examined the relevant documents. Dr. Gaskell concluded that Perales acted knowingly, intelligently, and voluntarily when he pleaded guilty. The judge accepted Dr. Gaskell's assessment.

Perales asserts on appeal that these decisions reflect factual errors or an abuse of discretion. We disagree with that contention and accept the reasons the presiding judge gave.

Perales also contends that, before imposing sentence, the judge did not adequately consider his arguments in mitigation. The range recommended by the Sentencing Guidelines is 151 to 188 months in prison, yet the actual sentence (144 months) is lower, which implies judicial appreciation of arguments in mitigation. Perales insists that the judge should have given weight to the fact that his crimes cost him his medical license. Yet the judge did not disregard the role of his license; indeed, she deemed the fact that Perales had misused his license to be an aggravating factor. Sentencing Tr. 41–43, 45. The fact that Perales spent 74 days in solitary confinement following his arrest—the second matter that he says the judge overlooked—was expressly covered at sentencing (Tr. 43–44), and the judge explained why it does not justify a lower sentence.

Finally, Perales asserts that one or more of his lawyers in the district court furnished ineffective assistance of counsel. He did not present such an argument in the district court, and it would be inappropriate to consider it now, on an undeveloped record. (Perales, though represented by counsel, filed a pro se document that may be understood as complaining that his lawyers were not doing their jobs, but the judge did not understand this as a motion for a hearing to explore a claim of ineffective assistance.) Perales is free to raise this subject by a motion under 28 U.S.C. §2255. See *Massaro v. United States*, 538 U.S. 500 (2003).

AFFIRMED